IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| **CITY OF GOODLETTSVILLE,** § | |
| Plaintiff, § | |
| v. § | **CASE NO. 10-cv-00707** |
| **NORTH AMERICAN SPECIALTY** § | |
| **INSURANCE COMPANY,** § | |
| Defendant. § | |

## JOINT PROPOSED CASE MANAGEMENT ORDER

To provide for the scheduling of discovery and trial, Plaintiff and Defendant respectfully submit the following Case Management Order.

**I.    Jurisdiction and Venue**

   **A.    Subject Matter Jurisdiction**

This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1332(a), because the Plaintiff and NAS have complete diversity of citizenship and the amount in controversy exceeds $75,000.

   **B.    Personal Jurisdiction**

Plaintiff consents / does not consent to the personal jurisdiction of this Court.

Defendant consents to the personal jurisdiction of this Court.

   **C.    Venue**

Plaintiff consents / does not consent to venue in this Court.

Defendant consents to venue in this Court.

   **II.    Parties' Theories of the Case**

   **A.    Plaintiff's Theory of the Case**

538630

Plaintiff is entitled to the Bond penal sums based upon failure of contractor to complete the projects.

### B. Defendant's Theory of the Case

Defendant issued Performance Bond No. 164520 on behalf of Dial Properties, LLC, as Principal, and The City of Goodlettsville, TN, as Owner, for the development of storm drainage, sanitary sewers, water lines and landscaping for Phase I, Section I of the Townhomes at Windsor Green (the "Section I Bond"). The original penal sum of the Section I Bond was in the amount of $192,261, but the penal sum was reduced, with the City Planning Commission's consent and approval, to $48,000 in January of 2003.

Defendant also issued Performance Bond No. 198119 on behalf of Dial Properties, LLC, as Principal, and The City of Goodlettsville, TN, as Owner, for the development of the water lines, sewer lines, record drawings and monuments for Phase I, Sections II and III of the Townhomes at Windsor Green (the "Section II & III Bond"). The penal sum of the Section II & III Bond is in the amount of $167,273.

Defendant was put on notice by the City of a claim asserted under the Section I and Section II & III Bonds. Defendant investigated the claim submitted by the City and hired a consultant to review the punchlist items prepared by the City and to visit the worksite to assess the claim. Defendant expressly denies that all "items of construction" set out in the City's claim and/or punchlist are covered under scope of the Section I and Section II & III Bonds, and therefore Defendant is not obligated to perform or fund all such "items of construction." Defendant has made reasonable written and oral attempts to resolve the disputed construction items with the City.

**III. Schedule of Pretrial Proceedings**

    **A.**     **Rule 26(a)(1) Disclosure**

The parties shall make their Rule 26(a)(1)(A) – (E) disclosures within thirty (30) days of the entry of a case management order.

    **B.**     **Meeting of Counsel and Parties to Discuss Settlement Prospects**

Within **ninety (90) days** of the entry of a case management order, the parties and their counsel will have a face-to-face meeting to discuss whether this case can be resolved without further discovery proceedings. A party that is not a natural person shall designate a representative with authority to settle the case to attend the meeting on behalf of that party. After the meeting is conducted, counsel for both parties shall prepare a report and file it with the Court reflecting that the parties met and that the parties made a good faith effort to evaluate the resolution of the case. The report should also include whether the parties believed that one of the Alternative Dispute Resolution ("ADR") procedures under the Local Rules would further assist the parties in resolving this matter.

    **C.**     **Other Pretrial Discovery Matters**

This action will be ready for trial by Monday, July 4, 2011, and is therefore set for a non-jury trial on _____.

If this action is to be settled, the Law Clerk shall be notified by **NOON, WEDNESDSAY**, **JUNE 26, 2011**.

A pretrial conference shall be held on _____. A proposed pretrial order shall be submitted at the pretrial conference.

All discovery shall be completed by the close of business on **MONDAY, APRIL 4, 2011**. All written discovery shall be submitted in sufficient time so that the response shall be in

hand by **MONDAY, APRIL 4, 2011**. All discovery related statements shall be filed by the close of business on **MONDAY, APRIL 25, 2011**. No motions related to discovery or for a protective order shall be filed until a discovery/protective order dispute conference has taken place and the attorneys of record shall attend and meet, face-to-face, in an effort to resolve the dispute and a jointly signed discovery/protective order dispute statement is submitted setting forth precisely the remaining issues in dispute and the reasons why those issues remain unresolved.

All dispositive motions and Daubert Motions shall be filed by the close of business on **WEDNESDAY, MAY 4, 2011**, and any responses thereto by **WEDNESDAY, MAY 25, 2011**. Any reply shall be filed by the close of business on **FRIDAY, JUNE 4, 2011**. **Counsel shall e-mail memoranda of law and responses to statements of undisputed facts to the Court's chambers to _____.**

Any motion to amend pleadings or join parties shall be filed in sufficient time to permit any discovery necessary because of the proposed amendment to be obtained within the time for discovery. No amendments will be allowed if to do so will result in a delay in the disposition of the action by requiring an extension of the discovery deadline.

There shall be no stay of discovery pending disposition of any motions.

The response time for all written discovery and requests for admissions is reduced from thirty (30) days to twenty (20) days.

Interrogatories pursuant to Rule 33, Federal Rules of Civil Procedure, shall be limited to sixty (60) such interrogatories. Subparts of a question shall be counted as additional questions for purposes of the overall number. In all other respects, Rule 9(a), Local Rules of Court (effective March 1, 1994) shall govern.

By the close of business on **TUESDAY, JANUARY 4, 2011**, Plaintiff shall declare to Defendant (<u>not</u> file with the Court) the identity of its expert witnesses and provide all the information specified in Rule 26(a)(2)(B).

By the close of business on **FRIDAY, FEBRUARY 4, 2011**, Defendant shall declare to Plaintiff (<u>not</u> file with the Court) the identity of its expert witnesses and provide all the information specified in Rule 26(a)(2)(B).

Any supplements to expert reports shall be filed by the close of business on **FRIDAY, FEBRUARY 25, 2011**. There shall not be any rebuttal expert witnesses.

In order to reduce the needless expenditure of time and expense, there shall not be any discovery depositions taken of expert witnesses.

Local Rule 12(c)(6)(c) (effective March 1, 1994) relating to expert witnesses shall apply in this action, and strict compliance is required.

It is so **ORDERED**.

Entered this the ___ day of _____, 2010.

_____
The Honorable E. Clifton Knowles
United States Magistrate Judge

APPROVED FOR FILING:

**HAYNES, FREEMAN & BRACEY, PLC**

*/s/ Kirk Lee Clements*

Joe M. Haynes
Kirk Lee Clements
140 North Main Street
P. O. Box 527
Goodlettsville, Tennessee 37070
(615) 859-1328
joehaynes@haynes-freeman.com
kirk@haynes-freeman.com

Attorneys for Plaintiff
City of Goodlettsville, TN

and

**MANIER & HEROD,**
**A TENNESSEE PROFESSIONAL CORPORATION**

*/s/ Fred C. Statum III*

Sam H. Poteet, Jr. (BPR No. 010086)
Fred C. Statum III (BPR No. 014495)
Rebecca B. Howald (BPR No. 025469)
150 Fourth Avenue North, Suite 2200
Nashville, TN 37219
(615) 244-0030 (Phone)
(615) 242-4203 (Fax)
spoteet@manierherod.com
fstatum@manierherod.com
rhowald@manierherod.com

Attorneys for Defendant
North American Specialty Insurance Company